## Arrott's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Warwick Potter Scott, J. Edgar Wilkinson,* and *Harry A. Kalish,* for exceptants.

*Rodney T. Bonsall,* contra.

SINKLER, J., November 10, 1939.—The exceptions to the adjudication filed by William Arrott, a son of testator, by Katharine Arrott Dallam, a granddaughter, and by the guardian ad litem for Madeline Arrott, formerly a minor, his granddaughter, and trustee ad litem for unascertained remainder interests, relate mainly to the finding of the auditing judge that the word "require" in the phrase "in writing direct or require" is synonymous with "direct", and is not used as the equivalent of "need".

In the Oxford Dictionary, "require" is defined, in sequence, as follows: (1) ask a question; (2) request for something; (3) request to do something; (4) to demand of one to do something; (5) to demand as of right; (6) to demand as necessary; (7) to be necessary; (8) (rare) to feel a necessity to do something.

In Webster's Collegiate Dictionary, 4th ed. (1935), it is defined: (1) To demand; (2) to request; (3) to demand or exact as necessary or appropriate, etc.; (4) to search for, to seek. Synonymous (1) order; (2) to be necessary (rare) ; (3) to need; to be under necessity.

The word is derived from the Latin "requirere", meaning "to ask". Judicial and Statutory Definitions of Words and Phrases, under the word, "Require", cites a

number of cases, in most of which the word is judicially construed as "demand". In the cases there cited it is seen that the word "required" is sometimes used as the equivalent of "that which is needed."

Thus it is seen that, in its usual sense, according to the definitions, the word is used in the sense of "order" or "direct", and only in the rare sense as "need", or in certain tenses of the verb.

In the present case, the phrase involved is interpreted thus: "in writing direct or in writing require." A requirement in writing can be no other than a demand. In the following line, "if she shall so require", the word "so" means if she shall "in writing" require.

The auditing judge was clearly right, and his construction of the use of the word "require" is affirmed by this court.

The remaining exceptions relate to the circumstance that the power of the widow to consume principal of the estate may run to such an extent that there will not be retained an amount necessary to pay the annuity of $5,-000 to testator's son, after his widow's death. It is argued that where two dominant purposes in a will are compatible the will should be so construed as to give effect to both of the dominant purposes. In the present case, the authority given the widow to demand the payment of principal is so unmistakable as to prevail over the intent to maintain the annuity for the son.

The third exception is to the effect that the construction placed upon the phrase in question by the auditing judge renders nugatory the fourth section of the will, which is described as a spendthrift clause. The clause in question, however, provides that all distribution *of income therein provided for shall not* be capable of anticipation or subject to execution or attachment, or be in any way subject to the debts, contracts, or engagements of the legatees. This provision relates only to the income payable to all the legatees, and is not inconsistent with

the power given to the beloved wife (as testator calls her) to demand payment of principal due her.

We recognize that the auditing judge has rendered what is really a declaratory judgment. The awards would have been the same if the judge had come to the opposite conclusion. No exception is taken to the awards. All exceptions are directed to the opinion of the judge as to what the widow had a right to demand in the future.

An objection to rendering such judgments at an audit arises from the informality which is characteristic of such proceedings. In this case, however, the parties are only two and they have fully discussed the question both before the auditing judge and the court in banc. For this reason, a declaration to guide the future conduct of the trustee can safely be made.

The exceptions are dismissed and the adjudication is confirmed absolutely.